Summers, J.
Section 3 of the municipal code (section 1536-3, Revised Statutes, Bates’ 5th edition) provides that when the corporate limits of a village become identical with those of a township all township officers, excepting justices of the peace and constables, shall be abolished and the duties thereof thereafter be performed by the officers of the village, and that all rights, interests or claims in favor of or against the township may be enforced by or against the corporation. If mandamus is the remedy appropriate to the relief sought in the present proceeding then it is properly instituted by the village and since it is not questioned it is not considered.
The question presented involves the interpretation of section 1377, Revised Statutes, which provides: “And in case of division * * * of any township, the funds in the treasury of such township shall be apportioned * * * to the new township * * * established, to the extent the *255 same were collected from the territory * * established into a new township. ’ ’
The cash in the treasury on November 4, 1903, at the time the new township was established, was divided, and the village now claims its proportion of the cash now in the treasury from the December, 1903, collection of taxes, levied in May, 1903. The contention on the part of the village, briefly stated, is that the word “funds” does not mean money, merely cash, but all the existing means or resources of the township for the° payment of its debts and the carrying on of its government. That a levy can be made only yearly, that nearly a year will pass* after a levy before the money will be available and that thus nearly two years might pass after the establishment of the new township before it would be able to exercise its functions and that such a result could, not have been intended by the legislature. On ’the part of the township the contention is that the word * ‘ funds ’ ’ means money and, conceding that the legislature did not intend that the new township should wait two years before exercising its powers, that the new township, in the absence of statutory provision therefor, is entitled to no part of the property or resources of the old, and that if any such consequences follow it is a casus improvisus on the part of the legislature that cannot be cured by judicial interpretation, since the words of the statute clearly do not provide for a division of funds arising from taxes levied but not collected at the time the new township is established, and that this is made certain by reference to the statute as it read before the revision of the statutes in 1880, and finds support in the fact that section 3946a, Revised Statutes, relating to newly created school districts, *256 provides for a division not only of money in the treasury but also of the levy or levies, and that in 97 Ohio Laws, 333, it is provided that when territory is transferred from one school district to another there shall be a proper division of funds in the treasury or in process of collection; and that at the last session of the legislature it was enacted by section 1565a, Revised Statutes, (98 O. L., 129), that a proper division shall be made of the funds for towhship purposes in the treasury or in process of collection.
The part of section 1377 under consideration was first enacted as section 2 of an act passed February 20, 1865 (62 O. L., 18), and read as follows: “The funds in any township treasury at the time of said division or partition shall be apportioned to the township to which the same may be attached in proportion to the amount thereof collected from such attached portion.”
If the word “funds” as used in section 2 means money, then perhaps the new township would not under its provisions be entitled to any of the money thereafter coming into the treasury, but assuming that it does mean money, and that the same meaning must be given to it in section 1377, it does not follow that the provision in section 1377 must receive the same interpretation as section 2. Section 2 in the revision of the statutes of 1880 was carried into that revision as the provision of section 1377 already quoted. The omission in the revision of the words “at the time of said division or partition” indicates an intentional change in the statute. Omitting them, the provision is, that the funds in the treasury of the township, to the extent the same were col *257 lected from the territory established into a new township, shall be apportioned to the new township.
Prom obvious considerations of convenience the means of collecting the funds into the treasury are not changed, but the funds in the treasury of the old township at any time after the establishment of the new township to the extent they were collected from the territory of the new aje to be apportioned to the new. The funds in the treasury are to be divided. They were not in the treasury until they were collected, and the past tense has reference to the existence of the fund and not to the time of the establishment of the new township. The meaning of the section is made apparent by the transposition of one clause, and may be read, “and in case of division * * * of any township, the funds in the treasury of such township to the extent the same were collected from the territory * * * established into a new township, shall be apportioned . * * * to the new township * * * established.”
The other sections referred to are not in pari materia, and the fact that in them provision is made for a division of the levy, or of money in process of collection, is not .persuasive that the absence of such provision in section 1377 necessarily indicates a different legislative intent, but only that some one has grown wise.
To rule that every amendment must be interpreted to add substance as well as light to a statute would discourage clarification for then it could be done only at the expense of what originally was intended. The judgment is

Affirmed.

Síiatjck, C. J., Price and Davis, JJ., concur.